HAGEL, Judge,
concurring in the result:
I concur in the conclusion of the Court that the medical opinion provided by Dr. Quinn substantially complied with the terms of the Board’s October 2004 engagement letter, and for the reasons set forth in the per curiam decision. I write separately only to express my belief that there is, in practical terms, no difference between a remand decision by the Board directing that a medical examination or opinion be performed or obtained and an engagement letter issued by the Board requesting the same, and therefore Stegall controls in this instance.
In my view, the Board’s October 2004 engagement letter was as much a directive regarding the specialty of the medical ex *110 aminer as would be a remand decision: The letter was signed by an agent of the Secretary who identified herself as an “Acting Veterans Law Judge” (R. at 282); it posed a particular medical question to be answered by the specialist (R. at 281); the purpose of the requested medical opinion was to serve as the basis for an adjudication by the Board (see R. at 282); the chief of staff of a VA medical center was required to comply with the request by selecting a physician to answer the question posed (see Medical Review Assistance to Board of Veterans Appeals Cases, VHA Directive 2000-049 at 1 (Dec. 13, 2000) [hereinafter VHA Directive]; 69 Fed.Reg. 19,935, 19,936); the resulting medical opinion had to be returned to the Board (see R. at 282; VHA Directive 2000-049 at 2); and the opinion was, in fact, used-by the same acting Board member who requested the opinion-as the basis for the Board’s adjudication of Mrs. D’Aries’s claim (R. at 6, 8).
My colleague’s contrary statement below notwithstanding, I take no position regarding the Board’s competence or authority under § 20.901 to specify that a medical examination or opinion be performed or provided by a medical professional with a particular specialty, as that issue need not be addressed at this time. As is clear from the brief discussion above, I simply see no basis on which to distinguish an instruction in a remand decision that a physician of a particular medical specialty perform an examination or render an opinion from an identical instruction in an engagement letter. Accordingly, I would hold that an engagement letter from the Board to a VA medical facility requesting a medical examination or opinion confers on a claimant the right to compliance with the terms of that request. See Stegall, 11 Vet.App. at 271.